## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

CHRISTOPHER M. WALTON,                )
                                      )   Case No. 3:26-cv-134
          *Plaintiff*,                )
                                      )   Judge Atchley
v.                                    )
                                      )   Magistrate Judge Poplin
SHAWN PHILLIPS, OFFICER F/N/U         )
JEFFERS, and BRANDON FOSTER,          )
                                      )
          *Defendants*.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher M. Walton, a State prisoner incarcerated at the Morgan County Correctional Complex ("MCCX"), filed a complaint under 42 U.S.C. § 1983 [Doc. 1] and an application for leave to proceed *in forma pauperis* [Doc. 2] in the United States District Court for the Middle District of Tennessee. After granting Plaintiff *in forma pauperis* status, the Middle District transferred the action to this Court [Doc. 10]. Plaintiff's complaint is now before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it states a justiciable claim. For the reasons set forth below, the Court finds Plaintiff's complaint fails to state a claim but will permit Plaintiff an opportunity to file an amended complaint within fourteen (14) days.

## I.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

## II. ALLEGATIONS OF COMPLAINT

At around 12:40 p.m. on February 5, 2025, Plaintiff was "being escorted to [the] H.S.A." when Officer Jeffers "slammed [Plaintiff's] head into the intake window[.]" [Doc. 1 at 3]. Plaintiff was handcuffed at the time. [*Id.*]. Plaintiff received a large knot on his head and requested medical treatment but was denied. [*Id.* at 3–4]. He also "ask[ed] to speak with high authority" but was placed in a cell without speaking with anyone. [*Id.* at 3]. Plaintiff filed a grievance about Officer Jeffers's conduct on February 12, 2025, even though he was later told he did not have any grievances pending. [*Id.*].

2

Internal Affairs reviewed security footage and witnessed Officer Jeffers push a handcuffed Plaintiff into the glass intake window. [*Id.*]. Officer Jeffers was fired after the incident. [*Id.* at 2].

Aggrieved, Plaintiff filed this action against Warden Shawn Phillips, Internal Affairs Officer Brandon Foster, and Officer Jeffers, seeking $3,500 from the State of Tennessee and transfer to another prison. [*Id.* at 4–5].

## III.    ANALYSIS

All Defendants are employed by the Tennessee Department of Correction ("TDOC"), which is an arm of the State of Tennessee. Thus, suit against Defendants in their respective official capacities is suit against the State itself. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But Plaintiff may not maintain suit against a State or its employees in their official capacities because "a state is not a person within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Also, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). Because there has not been congressional abrogation or waiver of immunity, Plaintiff's claims against Defendants in their official capacities are otherwise barred by the Eleventh Amendment. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding § 1983 does not waive state sovereign immunity); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (holding Tennessee has not waived immunity to suit under § 1983). Thus, Plaintiff's claims

3

against Defendants in their official capacities are impermissible and will be dismissed.[1]

And to seek relief from an individual, the Sixth Circuit requires a plaintiff to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Here, Plaintiff does not state that he intends to sue any Defendant in his individual capacity, and there is nothing in his complaint to permit such an inference. However, because Plaintiff may be able to raise a plausible personal liability claim against one or more Defendants if permitted to amend his pleadings to clearly state his intention to do so, the Court will permit Plaintiff an opportunity to file an amended complaint.

Accordingly, **if** Plaintiff desires to proceed with this action against any Defendant in his personal capacity, he **must** file an amended complaint within **fourteen (14) days** of entry of this Order that contains a short and plain statement of specific facts setting forth exactly how his rights were violated, the specific party(ies) responsible for that violation, any injury(ies) he has suffered, and his request for relief. Plaintiff must avoid conclusory legal statements or arguments in this amended complaint. The Court will **DIRECT** the Clerk to mail Plaintiff a § 1983 form for this purpose.

The Court **NOTIFIES** Plaintiff that it will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that the Court will **DISMISS** any such

---

[1] An exception to sovereign immunity, known as the *Ex Parte Young* exception, exists when a State official is sued in his or her official capacity for prospective injunctive relief. *Ex Parte Young*, 209 U.S. 123, 155–56 (1908); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). But where the complaint is "based entirely on past acts and not continuing conduct that, if stopped, would provide a remedy to [Plaintiff] . . . it . . . does not come under the doctrine of *Ex Parte Young*." *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003). Here, Plaintiff seeks injunctive relief as a retroactive measure for past alleged harms, and therefore, his claims do not come within the *Ex Parte Young* exception.

claims. Further, the Court **NOTIFIES** Plaintiff that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

If Plaintiff does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

The Court **NOTIFIES** Plaintiff that it **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's claims against Defendants are **DISMISSED**;

2. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

3. Plaintiff is **ORDERED** to complete the § 1983 form within **fourteen (14) days** in accordance with the directives stated above **if** he desires to seek relief from the individual Defendant(s);

4. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action; and

5. Plaintiff is **ORDERED** to immediately inform the Court of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

5

**SO ORDERED.**

/s/ Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

6